**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

KELLY SCHNELLE, individually and on
behalf of all others similarly situated,

v.                                                          Case No. _____

SWIFT TECHNICAL SERVICES, LLC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

KELLY SCHNELLE, individually and on          Case No. 7:20-CV-00112-DC-RCG
behalf of all others similarly situated,
                                                            FLSA Collective Action
v.
                                                            Rule 23 Class Action
CHEVRON U.S.A. INC.

**UNOPPOSED[1] MOTION TO TRANSFER UNDER RULE 45(f) OR**
**ENFORCE COMPLIANCE WITH THIRD-PARTY SUBPOENA**

1.    **BACKGROUND.**

       Plaintiff Schnelle files this motion to compel Swift Technical Services, LLC (Swift) to produce

documents and information Schnelle requested in a third-party subpoena. *See* Ex. 1, *third-Party subpoena*

*to Swift* (Subpoena). The Subpoena seeks contact information for workers sourced to Chevron by Swift

(Putative Collective Action Members) in order to provide them with court-ordered Notice of the

Collective Action styled *Schnelle v. Chevron U.S.A., Inc.,* No. 7:20-CV-00112-DC-RCG (W.D. TX.)

(Counts, J.) (the Underlying Action). Swift never responded to the Subpoena.

---

[1] Defendant Chevron is unopposed to the motion to enforce Swift's compliance with the subpoena
and unopposed to transferring this motion to enforce to the Western District of Texas. Non-party
Swift opposes the motion to enforce and opposes transferring this matter to the Western District.

In July of 2021, Schnelle and Chevron filed their Joint Stipulation and Proposed Order Regarding Conditional Certification (Joint Stipulation) in the Underlying Action, stipulating to "conditionally certify this case as a collective action." *See* Doc. 51 at 1. In August, the Court in the Underlying Action (the *Schnelle* Court) granted the Joint Stipulation (Order), requiring Chevron to "provide Plaintiff with the names, addresses, phone numbers, and email addresses of the individuals who make up the Putative Collective Action Members to the extent that Chevron possesses this information."

| DEADLINE | SUBJECT |
|---|---|
| **Within 30 Day of Court Signing Stipulation** | Chevron shall provide Plaintiff with the names, addresses, phone numbers, and email addresses of the individuals who make up the Putative Collective Action Members to the extent that Chevron possesses this information. Chevron will also request the information from Swift through its audit rights and terms of the Master Service Agreement between Chevron and Swift. Should Swift refuse, Chevron will join with Plaintiffs in seeking from Swift via subpoena the information necessary to effectuate the terms of the parties' Stipulation. |

Doc. 55 at 3. The Order provides "Chevron will also request the information from Swift through its audit rights and terms of the Master Service Agreement between Chevron and Swift." *Id.* Chevron requested the contact information from Swift, but Swift refused to produce it, citing alleged arbitration agreements—purportedly signed by only two workers within the class—as one basis for refusal. *See* Ex. 2-3, *Chevron correspondence with Swift*. The Order further provides "[s]hould Swift refuse, Chevron will *join* with Plaintiffs in seeking from Swift via subpoena the information necessary to effectuate" Notice. Doc. 55 at 3 (emphasis added). Schnelle's Subpoena contains narrowly tailored requests for information regarding class members, including contact information necessary for Notice:

For all CLASS MEMBERS YOU staffed to CHEVRON during the RELEVANT TIME PERIOD, produce in an electronic format (such as excel) the: (a) the names of the CLASS MEMBERS; (b) dates of employment of the CLASS MEMBERS; (c) each CLASS MEMBER's last known mailing address; and (d) each| CLASS MEMBER's personal email addresses and personal telephone numbers. If electronic means are not available, produce all DOCUMENTS which provide this information.

Ex. 1 p. 5. Because Swift refused to produce the Putative Collective Action Members' contact information, Schnelle now files this motion to enforce Swift's compliance with the Subpoena served in June of 2021.

## 2. THE COURT SHOULD TRANSFER THIS DISPUTE TO THE WESTERN DISTRICT.

Schnelle requests this Court transfer this Motion to Enforce to the Western District of Texas so that Swift may make any arguments regarding arbitration agreements, relevancy, or burdensomeness to the *Schnelle* Court. The *Schnelle* Court: (1) is familiar with the dispute; (2) is in a superior position to resolve discovery motions, and (3) has already explicitly ruled that Chevron must obtain the contact information at issue from Swift. Doc. 55 at 3. "The presiding Judge is in a superior position to determine the interpretation and application of her orders with respect to the merits of any objections and related motions." *Markos v. Wells Fargo Bank, N.A.*, 2:16-MC-1398, 2017 WL 394539, at *2 (S.D. Tex. Jan. 3, 2017). To the extent Swift will formally object to production of the requested contact information, the *Schnelle* Court should decide the validity of such objections.

Under Rule 45(f), "when the court where compliance is required did not issue the subpoena, it may transfer a motion to enforce the subpoena to the issuing court if the entity subject to the subpoena consents, or if the court finds exceptional circumstances." *McGriff Insurance Services, Inc v. South Texas Educational Technologies, Inc.*, 2020 WL 10817489, at *2 (S.D. Tex. 2020) (ordering transfer to avoid disrupting the underlying court's "management of the underlying litigation" because that court had already "ruled on issues presented by the motion"); FED. R. CIV. P. 45; *see also Markos*, 2017 WL 394539, at *2 ("exceptional circumstances justify the transfer" because presiding judge had already ruled on relevant issues, and transfer will "eliminate unnecessary disruption in the management of this litigation"); *City of Pontiac Gen. Employees Ret. Sys. v. Holley*, A-17-CV-207-LY, 2017 WL 7805749, at *2 (W.D. Tex. Mar. 21, 2017) (ordering transfer) *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017) (citing Fed. R. Civ. P. 45(f); Fed. R. Civ. P. 45(f), advisory notes (2013 amendments))

(ordering transfer). Because the *Schnelle* Court is intimately familiar with the issues in this dispute, Schnelle requests this Court transfer the Motion to Enforce to the Western District of Texas for Judge Counts to resolve.

### 3.    ALTERNATIVELY, THE COURT SHOULD COMPEL SWIFT TO RESPOND TO SCHNELLE'S SUBPOENA.

Rule 45 allows the court where compliance is required (or the issuing court if transferred) to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(e). When a non-party fails to respond or cooperate with a subpoena, a motion to compel and contempt hearing are the available remedies. FED. R. CIV. P. 45(d)(2)(B)(i). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" FED. R. CIV. P. 26(b)(1); *see also OJSC Ukrnafta v. Carpatsky Petroleum Corporation,* 2020 WL 3403054, at *4 (S.D. Tex. 2020). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, No. 4:11-CV-1355, 2014 WL 585750, at *3 (S.D. Tex. 2014) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)); *see also Kilmon v. Saulsbury Industries, Inc.*, No. MO:17-CV-99, 2018 WL 5800757, at *1 (W.D. Tex. Feb. 28, 2018) (quoting FED. R. CIV. P. 26(b)(1)).

Schnelle's subpoena seeks contact information directly relevant to the *Schnelle* Court's Order requiring Notice to Putative Collective Action Members. After all, Plaintiffs will use such information to notify workers sourced to Chevron by Swift of the underlying Collective Action. *See* Ex. 1.

### a.    Courts Routinely Require Third Parties to Provide Information to Facilitate Notice Despite Alleged Arbitration Agreements.

Courts generally require production of the identities and contact information of putative class members (including email addresses and telephone numbers)—the very information Schnelle seeks

from Swift through the Subpoena.[2] Schnelle first sought this information from Chevron. It is not Schnelle's burden to show Chevron does not have the contact information. Rule 45 merely requires Schnelle to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. FED. R. CIV. P. 45(d)(1). Though Swift possesses the requested information,[3] it refuses to comply with the subpoena, likely because it doesn't want Swift construction representatives to learn they may have FLSA claims.

But courts in this District and across the country require third-party vendors to provide contact information for workers they sourced to the defendant employer in FLSA collective actions like this one. *See, e.g.,* Ex. 4*, Sanchez v. Schlumberger Tech. Corp.,* No. 2:17-cv-102, Doc. 103 (S.D. Tex. Jan. 22, 2019) (overruling third-party vendor's objection and compelling "identifying and contact information for the putative class members" in a conditionally certified FLSA collective action involving oilfield workers allegedly misclassified as independent contractors)*;* Ex. 5*, Bales v. Crestwood Midstream Partners, LP*, No. 4:20-CV-02654, ECF 26 (S.D. Tex. July 20, 2021) (denying motions by third party vendors to quash plaintiff's subpoena seeking contact information for purpose of notice to class members the vendors sourced to defendant); *Parrish v. Premier Directional Drilling, L.P.,* Civ. No. SA-16-CA-00417-DAE, 2017 WL 8774230, at *9 (W.D. Tex. Mar. 1, 2017) (denying motion to quash third-party subpoena seeking information concerning putative class members' working relationship with third-party vendor and finding "the requests agreed upon by the parties to

---

[2] *See, e.g., Briones v. Kinder Morgan, Inc.*, No. CV H-15-2499, 2016 WL 6804862, at *5 (S.D. Tex. Nov. 17, 2016) (ordering employer to provide the names, last known personal addresses, all known telephone numbers, and dates of employment/work of all putative class members).

[3] Swift cannot deny it possesses the requested information and documents. *See* 29 U.S.C. § 211(c) ("[e]very employer … shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices maintained by him"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (finding it is the duty of the employer to keep proper records of wages and hours worked). Swift will not incur any significant burden or expense producing a spreadsheet of information already at its fingertips.

be reasonable."); *see also Robertson v. Enbridge (U.S.) Inc.*, 2021 WL 3667903, at *6 (W.D. Pa. 2021),

*adopted*, 2021 WL 3169219 (W.D. Pa. 2021). In *Robertson*, Magistrate Judge Lenihan ordered staffing

companies to produce contact information for workers they staffed to the Defendant:

> Because [Defendant] does not have access to many of the workers' contact information, [the Parties] agreed that counsel … would send **third party subpoenas** to certain third-party vendors[.]
>
> …
>
> [Plaintiffs are] seeking information from these Vendor Companies **so that they may send a notice** of settlement to their employees, including any who have signed arbitration agreements with the Vendor Companies.
>
> …
>
> Discovery from a third party via a subpoena issued under Fed. R. Civ. P. 45 is subject to the same general limitations on discovery set forth in Rule 26. … The eligible class and collective members include persons for whom Onshore and Avery have the necessary information to provide notice to the class. **The information requested by the subpoena is therefore relevant under Rule 26.**
>
> To obtain a protective order, Fed. R. Civ. P. 26(c) requires good cause [which] is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. **The Vendor Companies … [argue]** the **irreparable injury** is that notice will be sent to persons who "likely have no opportunity to participate" in the settlement. … **The Court does not agree.** The settlement is being funded by [Defendant] and [Defendant] is not objecting to their participation. Named Plaintiff is not objecting to their participation, and there is no exclusion in the putative class for someone who has signed an arbitration agreement. Furthermore, Vendor Companies [including Onshore] **have not proven annoyance, embarrassment, oppression, undue burden or expense.**
>
> …
>
> For the reasons set forth above, it is recommended that the Motion to Enforce Compliance … be granted and that the Motion for Protective … be denied. It is also recommended that **the Motion to Enforce Subpoena … be granted**.

*Robertson,* 2021 WL 3667903, at *2, 6 (cleaned up, emphasis added). Judge William Stickman IV

"wholeheartedly agreed" with Judge Lenihan's meticulous analysis, adopted the Report and

Recommendation over the staffing company's objections, and noted the subpoena sought "contact

information necessary to provide notice to the class" that was "relevant under Rule 26." *See Robertson,*

2021 WL 3169219, at 3-4. For the same reasons, Swift—which **never responded** to the Subpoena,

never asserted valid objections, and never moved for protection—must produce the relevant contact

information here.

Unsurprisingly, other courts reject Swift's (unsupported) arbitration argument, allowing notice to be sent to workers who may have executed arbitration agreements covering their claims. *See, e.g.*, *Flynn v. Sanchez Oil & Gas Corp.*, SA-19-CV-00867-JKP, 2020 WL 963892, at *3 (W.D. Tex. Feb. 27, 2020) ("*JP Morgan* does not stand for the proposition that employees of a defendant cannot be sent notice because those employees may have an arbitration agreement with a third party that precludes them suing that third party.").

Without the contact information sought, Schnelle cannot provide Notice to the Putative Collective Action Members sourced to Chevron by Swift. Schnelle's limited request for information is narrowly tailored to a specific worker Swift sourced to Chevron—the day rate constructive representatives who provided services to the Chevron MCBU Asset Integrity Team. The Court should compel Swift to fully respond to Schnelle's straightforward request for contact information.

### b. *JPMorgan*[4] Does Not Prevent Notice or Swift's Production of Contact Information Pursuant to Subpoena.

Based on Swift's reference to two purported arbitration agreements in support of its refusal to comply with Schnelle's straightforward and non-burdensome subpoena (Ex. 2), Schnelle anticipates Swift will rely on *JPMorgan* to support its position. But Swift didn't produce any arbitration agreements with the workers it sourced to Chevron, much less demonstrate the purported agreements extend to Swift's customers like Chevron. Swift failed to show the existence of a valid arbitration agreement requiring Chevron and the Putative Collective Action Members to resolve their claims in arbitration.

Accordingly, *JPMorgan* does not apply here, much less control. *JPMorgan* holds only that the court may not authorize notice to workers **the defendant** proves cannot join litigation **against it** because **the defendant** has an enforceable arbitration agreement preventing their participation that

---

[4] *In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019).

the defendant seeks to exclude. *See In re JPMorgan*, 916 F.3d at 502-03[5] (addressing the burden on an employer who seeks to prevent notice of a collective action against it). *JPMorgan* does not stand for the proposition that a nonparty to the litigation may withhold information based on its contention these workers should not receive notice, nor does it permit a nonparty to challenge a court's decision to allow notice. *See Flynn*, 2020 WL 963892, at *3. In *JPMorgan*, the plaintiffs at issue had an *uncontested* arbitration agreement **with the defendant** that **the defendant** sought to enforce. There was no dispute that plaintiffs who signed the agreements could not join the action against that defendant. That's not true in this case.

The Fifth and Seventh Circuits require the defendant to prove each individual it seeks to **exclude** cannot participate in a collective action against it. If the employer fails to carry this burden, the employee is entitled to notice. *JPMorgan*, 916 F.3d at 503 ("if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others"). Obviously, if the employer elects not to undertake that burden or agrees to notice, notice can issue regardless of whether an arbitration agreement might apply. Here, Chevron is "not a signatory to any arbitration agreements and is choosing, at this point of the litigation, not to argue that [any purported arbitration agreement would] preclude anyone who will receive notice from participating" in this case. *Robertson*, 2021 WL 3667903, at *5. Therefore, Swift's argument fails.

---

[5] *JPMorgan* requires the defendant to prove a valid arbitration agreement prevents each employee it (the defendant) seeks to exclude from notice from participating. In *JPMorgan*, the court explicitly stated, "an employer that seeks to avoid a collective action, as to a particular employee, has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." 916 F.3d at 503 (emphasis added). It further noted that "if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id.*

4.    CONCLUSION.

For these reasons, the Court should transfer the Motion to enforce compliance with the non-party subpoena to the Western District of Texas. Alternatively, the Court should order Swift to produce the requested contact information for the workers it provided to Chevron.

**Dated: October 29, 2021.**

Respectfully submitted,

*/s/ Richard M. Schreiber*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**Josephson Dunlap LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**Bruckner Burch PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS
& PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the instant Motion, counsel for Plaintiffs conferred with Counsel for Chevron, Carter Crow, who indicated Chevron is unopposed to the Motion. Counsel for Plaintiffs also conferred with counsel for Swift, Agape Ogbonda, who indicated Swift is opposed to the relief sought in this Motion.

*/s/Richard M. Schreiber*
Richard M. Schreiber

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 29, 2021 the foregoing was filed electronically with the Clerk of Court using the ECF system, which sent notice to all known parties of the case in accordance with the Federal Rules of Civil Procedure.

*/s/Richard M. Schreiber*
Richard M. Schreiber