IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY SCHNELLE, individually and on Behalf of all others similarly situated, | § § § | |
| Petitioner, | § § | |
| | § | CIVIL ACTION NO. 4:21-mc-02466 |
| v. | § § | |
| SWIFT TECHNICAL SERVICES, LLC, | § § | |
| Respondent. | § § | |

**SWIFT TECHNICAL SERVICES, LLC'S RESPONSE TO
PLAINTIFFS' MOTION TO TRANSFER UNDER RULE 45(f)
OR ENFORCE COMPLIANCE WITH THIRD-PARTY SUBPOENA**

Petitioner Kelly Schnelle ("Schnelle"), a plaintiff in a lawsuit pending in the Western District of Texas, issued a subpoena to Respondent Swift Technical Services, LLC ("Swift") seeking confidential and commercial information. After Swift informed Schnelle's counsel and counsel for Chevron U.S.A., Incorporated ("Chevron") (defendant in the underlying litigation) of its belief that the subpoena was improper, Schnelle filed the instant Motion to Transfer Under Rule 45(f) or Enforce Compliance with Third-Party Subpoena ("Motion"). *See* ECF 1. Swift opposes the Motion.

As an initial matter, the Court lacks jurisdiction over this dispute. If, however, the Court concludes that it does have jurisdiction, the Court should retain this matter and determine whether the subpoena is appropriately tailored, and address the privacy concerns raised below. The issue at the heart of Swift's objections to the subpoena relate to the simple concept of protecting confidential and commercial information. To be sure, Swift's concerns do not arise from complex or novel issues of law, or nuanced facts in the underlying litigation that would make the Western

1

13093783v1

District of Texas better-equipped to hear this matter. As explained below, Schnelle's Motion should be denied.

1. **The Court lacks jurisdiction to rule on Plaintiff's Motion to Transfer Venue.**

Schnelle's Motion should be heard in the *Northern* District of Texas because that district is where compliance under the subpoena is commanded, making it the "Compliance Court." Federal Rule of Civil Procedure Rule 45 distinguishes between the *issuing* court—here, the Western District of Texas—and the *compliance* court. *See* Fed. R. Civ. P. 45(a)(2), (d)(3), (f). "Rule 45 states that the Compliance Court is responsible for matters relating to the enforcement of the subpoena, quashing the subpoena, and modifying the subpoena." *TIGI Linea Corp. v. Professional Prods. Grp., LLC*, No. 4:20-cv-87, 2021 WL 2339240, at *2 (E.D. Tex. June 8, 2021) (citing Fed. R. Civ. P. 45(d)(3)) (additional citation omitted). "When the court where *compliance is required* did not issue the subpoena, *it* may transfer a motion under this rule to the issuing court…." Fed. R. Civ. P. 45(f) (emphasis added). On the other hand, when compliance is not required in a district where a court sits, then it lacks jurisdiction to transfer a motion under Rule 45.

The Court lacks jurisdiction here because compliance under the subpoena is not required in the Southern District of Texas. Instead, the subpoena seeks compliance by producing responsive documents at 1505 Jennifer Street, Richardson, Texas. *See* ECF 1-1 at 2. Richardson is in the Northern District of Texas. *See* https://www.txnd.uscourts.gov/city-data/dallas-county (last accessed Nov. 29, 2021). Commanded compliance in Richardson most certainly makes the Northern District of Texas the Compliance Court, which places the onus on that court, not this one, to resolve disputes about the subpoena. *See TIGI Linea*, 2021 WL 2339240 at *3 ("Without the Compliance Court's finding of an exceptional circumstance and an order of transfer, the Court

2

[sitting in the Eastern District of Texas] cannot rule on the pending Motion [to Quash Subpoena and Objection]" because the subpoena directed that documents be sent to Fort Lauderdale, Florida) (insertions added); *see also First Korean Baptist Church of Dallas v. Amtrust N. America*, No. 4:20-cv-423-SDJ-KPJ, 2021 WL 2339198, at *3 (E.D. Tex. June 8, 2021) ("Out of an abundance of caution, the Court shall assume it is not the Compliance Court, so as to avoid encroaching upon another jurisdiction's authority" where place for compliance was potentially the Western, Eastern, or Northern Districts of Texas); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015) ("The amended subpoena here at issue specifically directs that compliance is to take place at a location within the Southern District of Florida. It is therefore that court, not this one, that is authorized to address [the motion to quash]."). It is clear that the Court lacks jurisdiction to rule on Schnelle's Motion to Transfer Under Rule 45(f) or Enforce Compliance with Third-Party Subpoena.

**2.    Exceptional circumstances do not exist to warrant a transfer to the Western District of Texas.**

Even if the Court finds that it has jurisdiction, which is actually more convenient for Swift, as explained below, the issues with the subpoena should be decided by this Court, not the Western District of Texas. Under Federal Rule of Civil Procedure 45, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds *exceptional circumstances*." Fed. R. Civ. P. 45(f) (emphasis added). "[I]f the person subject to the subpoena does not consent to transfer, the Court may only transfer a Rule 45 motion to the issuing court if exceptional circumstances exist." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017) (citation omitted).

3

Because Swift does not consent to a transfer, Schnelle must show exceptional circumstances present in this case warranting a transfer to the Western District of Texas. But there are none. When determining whether exceptional circumstances exist, "courts consider several factors, 'including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Fintiv, Inc. v. STMicroelectronics, Inc.*, 2021 WL2784472, at **1-2 (N.D. Tex. Jan. 14, 2021) (quoting *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *4) (internal citation omitted).

Here, these factors militate against transfer because the underlying case has not advanced significantly through the litigation process, it does not present significantly complex issues, nor does it involve any of the issues Swift raises with protecting confidential and commercial information. The underlying litigation, filed on May 7, 2020, is a wage and hour employment lawsuit. *See Schnelle v. Chevron USA, Inc.*, No. 7:20-cv-00112-DC-RCG (W.D. Tex. 2020). Although filed over a year ago, the procedural posture reflects that the case is still in its early stages. On September 17, 2021, Judge Counts entered a scheduling order closing discovery on June 24, 2022, and setting a pretrial conference for January 13, 2023, with a February 6, 2023 trial date. *Id*. at ECF No. 57. The nature of the issues in the underlying case appears to be whether Schnelle and putative class members were paid in compliance with wage and hour laws. In this ancillary matter, the nature of the dispute is different—it concerns the protection of confidential information and whether the temporal scope of the subpoena is unnecessarily overly broad. Sorting through the limited issues Swift raises with Schnelle's subpoena will not substantially impact the *Schnelle* lawsuit.

Schnelle's purported interests in transferring this matter to the Western District of Texas do not outweigh Swift's interests in having this matter resolved in the Southern District of Texas

4

for several reasons. First, Swift's nerve center and decisionmakers with respect to the subject matter of this dispute are in the Southern District of Texas. Second, Swift's lone U.S.-based legal officer, who is charged with protecting the privacy concerns at issue here, is in the Southern District of Texas. Third, Swift's outside legal counsel in this matter are located in the Southern District of Texas. The same holds true for Schnelle's lawyers, as they are also based in the Southern District of Texas, which is evidenced by them using their Houston office contact information when issuing the subpoena. *See* ECF No. 1-1 at 2. Curiously, the subpoena does not seek compliance in the Western or Southern Districts of Texas, but instead sets the Northern District of Texas as the place to comply. *See id*. Swift's interests clearly outweigh Schnelle's desire to transfer this matter.

The Western District of Texas is not in a superior position to enforce the subpoena. In a recently-issued opinion in *In re Subpoena Served on Affilated Foods, Inc.*, plaintiffs in anti-trust, multi-district litigation (MDL) issued a subpoena *duces tecum* to a non-party business that subsequently moved to quash the subpoena. *See* No. 2:21-MC-3-Z, 2021 WL 4439796, at *1 (N.D. Tex. Sept. 28, 2021). The court hearing the ancillary issue from that underlying complex litigation did not accept the premise—an argument Schnelle advances here—that the matter should transfer because the issuing court was more familiar with the dispute. *Id*. at *4; *see also* ECF No. 1 at 4 (Schnelle arguing that "[b]ecause the *Schnelle* Court is intimately familiar with the issues in this dispute, Schnelle requests this Court transfer the Motion to Enforce to the Western District of Texas for Judge Counts to resolve."). Although not "intimately familiar with every nuance of the underlying litigation," the *Affiliated Foods* court was satisfied that it "underst[ood] the pertinent facts well enough to correctly apply law and resolve the Motion to Quash." *Id*. at *5.

5

13093783v1

Furthermore, the notion that the issuing court is inherently better situated to resolve issues arising from a subpoena has been rejected. The Advisory Committee explains that:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and *it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions*. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate *only* if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment (emphasis added). Swift's legitimate interests in keeping this matter in the Southern District of Texas are not outweighed by Schnelle's preferences for the Western District of Texas.

**3. Swift objects to the subpoena because it seeks confidential and irrelevant information about non-parties to the *Schnelle* lawsuit without protection.**

A. The Court should not compel production of confidential and commercial information without protection.

"The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). Tracking the standards for other forms of discovery, "the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b). *Zamora v. GC Servs., L.P.*, No. EP-15-CV-00048-DCG, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017) (citing *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007)). Under Rule 26(b)(1), parties may discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). But discovery may not be used as "a license to engage in

6

an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

The information Schnelle seeks is, in part, confidential and "commercial information" that should be protected from disclosure and use outside the underlying litigation. *See* Fed. R. Civ. P. 45(d)(3)(B). By her subpoena, Schnelle seeks the following categories of confidential or commercial information:

a. Compensation information for Schnelle and Timothy Biggs ("Biggs") from May 7, 2015 to present;
b. Work orders for work and/or services Swift provided to Chevron;
c. Invoices for work and/or services Swift provided to Chevron;
d. Offer letters issued to Schnelle and Biggs, in addition to documents describing required certifications or licenses and trainings.
e. Checklists, handbooks, and instructions provided to Schnelle and Biggs related to their job duties;
f. The names, dates of employment, last known mailing address and personal email address and personal telephone numbers for current and former construction representatives provided through Swift to Chevron from May 7, 2017 to present;
g. From May 7, 2015 forward, all documents showing communications Swift had with Chevron regarding Schnelle's and Biggs' compensation, among other things; and
h. From May 7, 2015 to present, all Master Service Agreements between Swift and Chevron.

*See* ECF 1-1 at 1-3.

A review of the docket sheet in the *Schnelle* litigation does not readily reveal the entry, or motion for entry, of a protective order. In the absence of an order, Swift is extremely reluctant to produce highly confidential and commercial information concerning its operations, as well as any documents implicating the sensitive privacy interests of non-parties to the *Schnelle* case. Swift desires resolution of these important privacy concerns.

      B.  <u>The existence of arbitration agreements bears on the relevance of the subpoena.</u>

Swift also maintains that the production of certain documents, namely contact information for individuals who are party to an arbitration agreement, should not be compelled. According to Schnelle, the intention of the subpoena is to gather documents and "use such information to notify workers sourced to Chevron by Swift of the underlying Collective Action." ECF 1 at 4. Including these employees in the notice sent to putative collective members would improperly give notice to those who should not receive it.

The Fifth Circuit holds that it is improper to give notice of a collective action under the Fair Labor Standards Act ("FLSA") to employees "who had signed arbitration agreements and were thus not potential participants of the FLSA collective action." *Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430, 440 (5th Cir. 2021) (citing *In re JP Morgan Chase & Company*, 916 F.3d 494, 504 (5th Cir. 2019)). "And alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,' which is what *Hoffmann-La Roche* flatly proscribes." *Id*. at 441 (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). Therefore, the scope of the subpoena is overly broad and improperly imposes and undue burden on Swift.

## CONCLUSION

For the foregoing reasons, Swift requests that the Court enter an order denying Schnelle's Motion to Transfer Venue Under Rule 45(f) or Enforce Compliance with Third-Party Subpoena for lack of jurisdiction. If the Court has jurisdiction, Swift requests that the Court limit the scope of the subpoena to include only documents covering individuals who were sourced by Swift to Chevron, who are not bound by an arbitration agreement, upon entry of a protective order appropriately limiting the disclosure and use of any responsive documents.

13093783v1

Respectfully submitted,

*/s/ Jamie L. Houston*
William R. Stukenberg, Attorney-in-Charge
Texas Bar Number: 24051397
wstukenberg@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
(713) 226-6611 telephone
(713) 226-6211 facsimile

ATTORNEY FOR RESPONDENT
SWIFT TECHNICAL SERVICES, LLC

OF COUNSEL:

Jamie L. Houston
Texas Bar Number: 24097847
jhouston@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
(713) 226-6608 telephone
(713) 226-6208 facsimile

ATTORNEY FOR RESPONDENT
SWIFT TECHNICAL SERVICES, LLC

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the foregoing document has been served by ECF transmission on this the 29th day of November 2021 upon all counsel of record.

*/s/ Jamie L. Houston*
Jamie L. Houston