**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KELLY SCHNELLE, individually and on behalf of all others similarly situated, | |
| v. | Case No. 4:21-mc-02466 |
| SWIFT TECHNICAL SERVICES, LLC | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| KELLY SCHNELLE, individually and on behalf of all others similarly situated, | Case No. 7:20-CV-00112-DC-RCG |
| v. | FLSA Collective Action |
| CHEVRON U.S.A. INC. | Rule 23 Class Action |

**SCHNELLE'S REPLY IN SUPPORT OF MOTION TO TRANSFER UNDER**
**RULE 45(f) OR ENFORCE COMPLIANCE WITH THIRD-PARTY SUBPOENA**

1.    **BACKGROUND.**

Plaintiff Schnelle served a third-party subpoena on Swift Technical Services, LLC (Swift), seeking contact information for workers sourced to Chevron by Swift (Putative Collective Action Members) in order to provide them with court-ordered Notice of the Collective Action styled *Schnelle v. Chevron U.S.A., Inc.,* No. 7:20-CV-00112-DC-RCG (W.D. TX.) (Counts, J.) (the Underlying Action). *See* Doc. 1-1, *third-Party subpoena to Swift* (Subpoena). Swift never responded to the Subpoena. *See* Ex. 1, *correspondence with Swift.* And Swift withheld consent to transfer the motion to enforce compliance (Motion) to the Western District of Texas for resolution by Judge David Counts, who presides over the Underlying Action. *Id.*

In August 2021, Judge Counts ordered Chevron to obtain contact information for the Putative Collective Action Members **from Swift**, for notice purposes. *Schnelle v. Chevron U.S.A., Inc.*, Case No. 7:20-CV-00112-DC-RCG, Doc. 55 at 3 (W.D. Tx. 2021). To facilitate production of that information, Schnelle filed his Motion in the Southern District of Texas, where Swift—who possesses the information—is headquartered.[1] Chevron did not oppose Schnelle's Motion. For the reasons discussed *infra*, Schnelle contends refiling this Motion in the Northern District of Texas is unnecessary and would result in significant, avoidable delay. Therefore, Schnelle respectfully asks this Court to transfer this matter to the Western District of Texas or grant Schnelle's Motion by enforcing Swift's compliance with the Subpoena.

2.       SCHNELLE'S MOTION WAS PROPERLY BROUGHT BEFORE THIS COURT

Swift contends the Subpoena commands compliance through production of documents in Richardson, Texas, in the Northern District of Texas. *See* Doc. 5 at 2. However, the Subpoena seeks production of a spreadsheet of contact information "in electronic format (such as excel)":

> For all CLASS MEMBERS YOU staffed to CHEVRON during the RELEVANT TIME PERIOD, produce in an electronic format (such as excel) the: (a) the names of the CLASS MEMBERS; (b) dates of employment of the CLASS MEMBERS; (c) each CLASS MEMBER's last known mailing address; and (d) each CLASS MEMBER's personal email addresses and personal telephone numbers. If electronic means are not available, produce all DOCUMENTS which provide this information.

Doc. 1-1 at 6. And the Subpoen commands production "By Email: rschreiber@mybackwages.com" to Schnelle's counsel, whose office is in Houston, Texas, within the Southern District:

> ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents, electronically stored information, or objects described in Ex. A and Ex. B. Instructions: If the documents are too large to email or too costly to mail, please contact Richard M. Schreiber via email rschreiber@mybackwages.com to arrange an alternate delivery method as a result of the COVID-19 pandemic
>
> | Place | By Email: rschreiber@mybackwages.com<br>By Mail: Dallaree Logan, 1505 Jennifer Street,<br>Richardson, TX 75082 | Date and Time:<br>07/09/2021 5:00 pm |

---

[1] https://www.airswift.com/about/locations, listing headquarters in Houston, Texas

*Id.* at 2.

Because Swift's headquarters are in Houston, the Southern District is actually the appropriate Court of Compliance, despite language in the Subpoena offering Richardson, Texas as an option for production of documents. While arguing Schnelle's Motion should be heard in the Northern District of Texas, Swift admits the Southern District "is actually more convenient for Swift." *See* Doc. 5 at 3. Swift further states its "nerve center and decisionmakers with respect to the subject matter of this dispute are in the Southern District of Texas." *Id.* at 5. The Advisory Committee's Notes to the 2013 Amendment to Rule 45 explain: "[t]ransfer to the court where the action is pending is sometimes warranted" and "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas[.]" *See* FED. R. CIV. P. 45 Advisory Committee's Notes to 2013 Amendment. Here, Swift will encounter no significant burden responding to this Motion in the Southern District, and no greater burden responding in the Western District than it would responding in the Northern District.

**3.   THIS COURT SHOULD TRANSFER THIS DISPUTE TO THE WESTERN DISTRICT.**

While Schnelle's Motion was properly brought before this Court, Schnelle contends transfer to the Western District is appropriate. Doc. 1 at 3-4. Again, Judge Counts in the Western District ordered Chevron to obtain the contact information **from Swift**. *Chevron*, Doc. 55 at 3.  "The presiding Judge is in a superior position to determine the interpretation and application of her orders with respect to the merits of any objections and related motions." *See, e.g.*, *Markos v. Wells Fargo Bank, N.A.*, 2:16-MC-1398, 2017 WL 394539, at *2 (S.D. Tex. Jan. 3, 2017) ("exceptional circumstances justify the transfer").[2]

---

[2] *See also McGriff Insurance Services, Inc v. South Texas Educational Technologies, Inc.*, 2020 WL 10817489, at *2 (S.D. Tex. 2020) (ordering transfer to avoid disrupting the underlying court's "management of the underlying litigation" because that court had already "ruled on issues presented by the motion"); *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017) (ordering transfer because "the presiding judge in the underlying case is in a much better position than this Court to determine how crucial" the requested documents are).

Swift did not object or respond to the Subpoena. "'The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B) ] typically constitutes a waiver of such objections,'" as does failing to file a timely motion to quash. *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films*, LLC, 313 F.R.D. 39, 43 (N.D. Tex. 2015); see also *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018). However, to the extent Swift attempts, untimely, to object to production of the requested contact information, the *Schnelle* Court should decide the validity of such objections.

## 4.    ALTERNATIVELY, THIS COURT SHOULD COMPEL SWIFT'S COMPLIANCE.

### A.  Swift Fails to Meet Its Burden to Resist Production

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Mir v. L–3 Communications Integrated Systems*, L.P., 319 F.R.D. 220, 225 (N.D. Tex. 2016). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, No. 4:11-CV-1355, 2014 WL 585750, at *3 (S.D. Tex. 2014) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)); *see also Kilmon v. Saulsbury Industries, Inc.*, No. MO:17-CV-99, 2018 WL 5800757, at *1 (W.D. Tex. Feb. 28, 2018) (quoting FED. R. CIV. P. 26(b)(1)). Schnelle's subpoena seeks contact information directly relevant to the Schnelle Court's Order requiring Notice to Putative Collective Action Members. After all, Plaintiffs will use such information to notify workers sourced to Chevron by Swift of the underlying Collective Action. See Doc. 1-1. Swift fails to demonstrate how the information sought is not relevant, as discussed *infra*.[3]

---

[3] Swift's relevance argument is based solely on its purported arbitration agreements, which Swift claims prohibit notice to the Putative Collective Action Members. Doc. 5 at 8.

Swift must produce the requested information because it also fails to specifically support its burdensome and confidentiality objections:

> The Fifth Circuit requires a party who objects to discovery to specifically show how each request for production is burdensome or irrelevant. A producing party may request a protective order for good cause to narrow the scope of discovery or limit the dissemination of privileged or confidential information to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. As a general rule, the producing party must show "good cause" for the issuance of any protective order, with the standard of proof varying with the type of information and protective order sought.

*Castillo v. Bank of Am., N.A.*, No. CV SA-11-CA-1011-OG, 2013 WL 12394348, at *6 (W.D. Tex. 2013) (footnotes omitted). Without support, Swift claims the information sought is "highly confidential and commercial information concerning its operations." Doc. 5 at 7. But Swift never moved for protective order in response to the Subpoena. And Swift offers no evidence[4] or explanation demonstrating how the information is confidential. *Id.* at 6-7. Likewise, Swift offers no support for its claim the Subpoena "improperly imposes … undue burden on Swift." Again, Schnelle seeks an electronic spreadsheet of contact information, and Swift will not incur any significant burden or expense producing a spreadsheet of information already at its fingertips.[5]

## B.    Purported Arbitration Agreements Do Not Preclude Notice

If this Court does not transfer this matter to the Western District, it should compel Swift to comply with the Subpoena. Doc. 1 at 4-8. In resisting compliance, Swift's relies on *Swales*,[6] *JP Morgan*,[7] and *Hoffman-La Roche*[8], but this reliance is misplaced. Doc. 5 at 8; Doc. 1 at 7-8. Swift has produced

---

[4] Swift provided no affidavit or declaration supporting its claim the information sought is confidential.
[5] *See* 29 U.S.C. § 211(c) ("[e]very employer … shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices maintained by him"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (finding it is the duty of the employer to keep proper records of wages and hours worked).
[6] *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021).
[7] *In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019).
[8] *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989).

no arbitration agreements and offers no evidence that any Swift arbitration agreements extend to claims against Chevron.

Swift points to nothing in *Swales* that would allow a third-party vendor like Swift to withhold contact information based on an alleged arbitration agreement. As *Swales* notes, the Fifth Circuit "held [in *JPMorgan*] that it was improper to **refuse to consider evidence** about arbitration agreements before sending notice because notice can only go to '**potential** participants.'" *Swales*, 985 F.3d at 441 (emphasis added). *JPMorgan* held "an employer that seeks to avoid a collective action, as to a particular employee, has the burden to show by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." *JPMorgan*, 916 F.3d at 502-03. The Court expressly cautioned "if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id. Swales* does not prevent parties from agreeing on notice, nor does it purport to alter *JPMorgan*'s instruction on what happens if evidence regarding arbitration agreements is not presented.

Relying on *Hoffman-LaRoche*, Swift presents the Court with a manufactured scare story about stirring up litigation, but "[n]owhere in the [*Hoffman-LaRoche*] majority's opinion did it suggest that trial courts were required to make sure that the only workers receiving **notice** of an FLSA collective action were those actually capable of joining the action." *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 404 F. Supp. 3d 529, 533 (D. Mass. 2019) (emphasis added); *see Hoffmann-La Roche*, 493 U.S. at 170 ("We confirm the existence of the trial court's discretion, not the details of its exercise."). To the contrary, the majority opinion of *Hofman-La Roche* indicates that court-authorized notice facilitated "the broad remedial goal" of the FLSA, which "should be enforced to the full extent of its terms." *Id.* at 173. The Supreme Court held court notice was not the equivalent of "soliciting" claims. *Id.* at 174 ("Court intervention in the notice process for case management purposes is **distinguishable in form and function** from the solicitation of claims") (emphasis added)). District courts were instead cautioned

to be "scrupulous to respect judicial neutrality" and "avoid even the appearance of judicial endorsement of the merits of the action." *Id.* Nothing in *Hoffman-La Roche* burdens district courts with excluding anyone who might, ultimately, be found unable to join the class. *Id.*; compare *In re JPMorgan*, 916 F.3d at 498, 502-03 (those who had uncontested arbitration agreements were not permitted notice, but where contested, the employer must prove a valid agreement for each employee).

Numerous courts have required third-party vendors to provide contact information for workers they staffed to defendant employers in similar FLSA collective actions:

> Respondents claim that the Fifth Circuit's recent decision in ***Swales v. KLLM Transport Services, LLC***, 985 F.3d 430 (5th Cir. 2021) makes the subpoena improper. … Respondents [also] argue that the subpoenas should not be enforced because Respondents' employees providing services to [Defendant] signed arbitration agreements that preclude them from participating in the collective action. … **[T]hese arguments are [not] persuasive**. … I am unaware of any case law that allows a non-party to challenge a district court's order authorizing notice in a collective action. … **I am unconvinced by Respondents' contention that purported arbitration agreements between putative class members and Respondents render the subpoenas ineffective**. … "*JP Morgan* does not stand for the proposition that employees of a defendant cannot be sent notice because those employees may have an arbitration agreement with a third party that precludes them suing that third party." … Similarly, **Respondents cannot avoid responding to a subpoena in this FLSA case simply because the workers Respondents staffed to [Defendant] agreed to arbitrate any disputes they had with Respondents**.

*See* Ex. 2, *Field v. Anadarko Petroleum Corporation*, Civil Action No. 4:21-CV-02375, ECF 18 at 2-4 (S.D. Tex. Aug. 16, 2021) (emphasis added, cites omitted); *see also* Ex. 3, *Bales v. Crestwood Midstream Partners, LP*, No. 4:20-CV-02654, ECF 26 (S.D. Tex. July 20, 2021) (denying motions by third-party vendors CIS and Applied to quash plaintiff's subpoena seeking contact information for purposes of notice to class members these third parties sourced to defendant); Doc. 1 at 4-8. Likewise, Swift cannot resist complying with Schnelle's subpoena seeking contact information for the Putative Collective Action Members Swift staffed to Chevron for the purposes of supplying them with notice of this collective action against Chevron (even if the workers agreed to arbitrate disputes they had with Swift). Again,

Swift did not produce any arbitration agreements with the workers it sourced to Chevron, much less demonstrate the purported agreements extend to Swift's customers like Chevron. *See* Doc. 5.

**5.**    **CONCLUSION.**

For these reasons, the Court should transfer the Motion to enforce compliance with the non-party subpoena to the Western District of Texas. Alternatively, the Court should order Swift to produce the requested contact information for the workers it provided to Chevron.

**Dated: December 20, 2021.**                          Respectfully submitted,

*/s/ Richard M. Schreiber*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**Josephson Dunlap LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**Bruckner Burch PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**
**& PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 20, 2021 the foregoing was filed electronically with the Clerk of Court using the ECF system, which sent notice to all known parties of the case in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard M. Schreiber*
Richard M. Schreiber