United States District Court
Southern District of Texas
**ENTERED**
March 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY SCHNELLE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-mc-02466 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| SWIFT TECHNICAL SERVICES LLC, | § | |
| Defendant. | § | |

OPINION AND ORDER

This miscellaneous case is dismissed for lack of jurisdiction. The motion by Plaintiff Kelly Schnelle to transfer or enforce compliance with a third-party subpoena is denied without prejudice to reassertion before the proper court. Dkt 1.

Schnelle brought an underlying civil action against Chevron USA Inc in the Western District of Texas for violations of the Federal Labor Standards Act. *Schnelle v Chevron USA Inc*, 7:20-cv-00112 (WD Tex). Judge David Counts has conditionally certified the case as a collective action. In doing so, he required Chevron to request from nonparty Swift Technical Services LLC "the names, addresses, phone numbers, and emails of the individuals who make up the Putative Collective Action Members." He also ordered Chevron to join with Schnelle in seeking this information from Swift via a subpoena should Swift refuse Chevron's request. Dkt 1 at 2.

Swift refused, and Schnelle served it with a subpoena requesting the pertinent information. See Dkt 1-1 at 3. Swift contends that the subpoena is improper and has refused to comply. Dkt 5 at 1. Schnelle now moves to transfer this dispute to the Western District of Texas under

Rule 45(f) of the Federal Rules of Civil Procedure or alternatively to enforce compliance under Rule 45(d). Dkt 1.

Rule 45 governs subpoenas to nonparties. Rule 45(d)(2)(B)(i) allows the issuing party to move "the court for the district where compliance is required" to compel production over the objections of a subpoenaed nonparty. And Rule 45(f) permits "the court where compliance is required" to transfer such a motion to the issuing court under specified circumstances. It isn't clear that any difference in meaning is intended by the difference in phrasing of *the court for the district where compliance is required* and *the court where compliance is required*. See FRCP 45(f), committee notes (2013). Analysis thus proceeds on the assumption that those phrases should be interpreted uniformly.

Still, the meaning of these phrases isn't immediately apparent. And caselaw construing them is decidedly split. Some courts hold that the court with power to consider compliance issues is the one with jurisdiction over the location or "place" for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii). For example, see *Uniloc USA Inc v Apple Inc*, 2020 WL 6262349, \*2 (ND Cal); *Merchant Consulting Group Inc v Beckpat LLC*, 2018 WL 4510269, \*2–3 (D Mass); *Lymon v UAW Local Union #2209*, 2021 WL 5810332, \*1 (ND Ind); *Adams v Symetra Life Insurance Co*, 2020 WL 489523, \*2 (D Kan); *Pendergraft v Board of Regents of Oklahoma Colleges*, 2021 WL 5352471, \*1 (WD Okla); *E-Imagedata Corp v Digital Check Corp*, 2016 WL 4515928, \*1 (D Nev).

Others hold that the court with power to consider compliance issues is the one with jurisdiction over the location of the subpoenaed person or entity, as determined by Rule 45(c). For example, see *Raap v Brier & Thorn Inc*, 2017 WL 2462823, \*3 (CD Ill); *Europlay Capital Advisors LLC v Does*, 323 FRD 628, 629 (CD Cal); *Dennis v Good Deal Charlie Inc*, 2022 WL 62919, \*6 (SD Cal); *Jeffcoat Enterprises v Charter Communications Inc*, 2020 WL 2104732, \*2 (ED Mo); *XTO Energy Inc v ATD LLC*, 2016

2

WL 1730171, *20 (D NM); *South Broward Hospital District v Elap Services LLC*, 2021 WL 5967677, *1 (ND Iowa); *CMI Roadbuilding Inc v Bohr Precision Machining Inc*, 2020 WL 3964388, *1 (ED Wis); *Ortiz v Harrell*, 2022 WL 457856, *4 (SD Fla); *Deselms v Occidental Petroleum Corp*, 2021 WL 2948747, *2 (D Wyo).

An emerging consensus in the Fifth Circuit—or at least among the district courts in Texas—follows the former line of authority, holding that the address listed on the subpoena determines the court of compliance. Judge Counts so held in *Philadelphia Indemnity Insurance Co v Odessa Family YMCA*, 2020 WL 6484069, *1 (WD Tex). Magistrate Judge Dena Hanovice Palermo likewise so determined in *Arrows UP LLC v US Silica Holdings Inc*, 2019 US Dist Lexis 196034, *2 (SD Tex). And particularly persuasive is the earlier, thorough analysis by Magistrate Judge David Horan in *CSS Inc v Herrington*, 354 F Supp 3d 702, 709–10 (ND Tex 2017).

It would appear that the location specified by the subpoenaing party pursuant to Rule 45(a)(1)(A)(iii) would necessarily need to conform to the geographical limits of Rule 45(c). Otherwise, the subpoena is subject, for example, to being quashed or modified under Rule 45(d)(3)(A)(ii). And so perhaps the subpoena in dispute issued in error, given that it identifies Richardson, Texas, as the place of compliance—a location far from the headquarters of Swift. Dkt 1-1 at 2; see also Dkt 10 at 2; Dkt 1-2. Regardless, the initial question is which court has the power to hear or transfer a subpoena-related motion. That is determined by the location identified on the subpoena. And here, that place is in the Northern District of Texas. Dkt 5 at 2–3.

Schnelle argues that this Court can be construed as "the appropriate Court of Compliance" because the subpoena requests Swift to produce the documents by email, and both counsel for Schnelle and the headquarters of Swift are in the Southern District of Texas. Dkt 10 at 3. True, parties are welcome to agree to production by electronic means. See FRCP 45(c), committee notes (2013). But "an email address does not qualify as a location or

3

place where compliance is required under Rule 45." *CSS*, 354 F Supp 3d at 710.

This Court is without power under Rule 45 to resolve disputes as to the subject subpoena.

This miscellaneous case is DISMISSED for lack of jurisdiction.

The motion by Plaintiff Kelly Schnelle to transfer or enforce compliance with a third-party subpoena is DENIED WITHOUT PREJUDICE to reassertion before the proper court. Dkt 1.

SO ORDERED.

Signed on March 9, 2022, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge